**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2724
_____

UNITED STATES OF AMERICA

v.

PEPPER ROBBINS,
                                Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 4-19-cr-00363-001)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2022

Before:  JORDAN, PORTER and PHIPPS, *Circuit Judges*

(Filed: July 7, 2022)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

        Pepper Robbins appeals his sentence, arguing that it was unreasonable.  We

disagree and will affirm.

_____

        * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

## I. BACKGROUND

In 2013, Robbins moved in with his romantic partner, "R.E.," and her two children from a previous relationship, one of whom we refer to as "S.E." In the years that followed, Robbins and R.E. had two children together. They all lived together until 2019, when R.E. thought Robbins was acting suspiciously, so she accessed his cellphone to see if he was having an affair. In the deleted photographs section of Robbin's cell phone, she found a video of Robbins forcibly sexually assaulting S.E., then nine years old. When R.E. asked S.E. about the assault, S.E. confirmed that it happened and said that Robbins had assaulted her previously, on occasions when R.E. was at work or running errands. R.E. called the police to report the assault, explaining that she was at the grocery store when Robbins committed the act captured in the video. The police arrived and viewed the video after Robbins consented to a search of his cell phone and provided the passcode to access it.

Robbins was charged with one count of producing child pornography in violation of 18 U.S.C. § 2251(a), (e). He pleaded guilty to that charge. A presentence report was then prepared. Under the Sentencing Guidelines, Robbins's total offense level and criminal history category generally would have yielded a recommended sentence of life imprisonment. Because the statutory maximum imprisonment term for producing child pornography is thirty years, however, that became Robbins's guidelines range. 18 U.S.C. § 2251(e); U.S.S.G. § 5G1.1(c)(1).

Of note here, the presentence report summarized Robbins's troubled childhood, during which he and his mother were verbally and physically abused by Robbins's father.

2

His mother fled from the abuse with her children, including Robbins, who later moved back in with his father. But after some time with his father, Robbins was placed in foster care and then returned to his mother's care. Robbins also explained in a sentencing memorandum that, as a child, he was sexually abused by an older female cousin. At age twelve, he was diagnosed with depression and attention deficit hyperactivity disorder. In grade school, he was placed in an alternative education program for troubled youth, and he eventually withdrew from high school without graduating.

At sentencing, the District Court adopted the presentence report's factual findings and guidelines calculations without any objections from Robbins, and the Court noted that it received and read Robbins's sentencing memorandum. It then sentenced Robbins to the statutory maximum (and guidelines range) of thirty years' imprisonment, plus ten years of supervised release and special assessments totaling $5,100. The Court explained that the sentence "reflect[ed] [its] full consideration of all factors relevant to the sentencing determination, including the nature and the seriousness of this offense, the history and characteristics of this Defendant, the kinds of sentences available to the Court, and the advisory range and policies prescribed by the United States Sentencing Commission." (App. at 62.) The Court then discussed the "despicable" nature of Robbins's offense, the need to "deter others who would seek to do the same[,]" and the monetary penalties applicable to Robbins's conviction. (App. at 62.) Robbins has timely appealed.

## II.    DISCUSSION[1]

Robbins argues that his sentence was unreasonable because the District Court did not meaningfully consider the mitigating circumstances of his difficult childhood.  To the extent he challenges the procedural reasonableness of his sentence, we disagree.  The District Court noted that it read Robbins's sentencing memorandum and considered "the history and characteristics of this Defendant" in passing sentence.  (App. at 62.)  It thus gave sufficient consideration to those circumstances.  *See United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022) (holding that district court adequately considered defendant's history and characteristics when it noted that it reviewed letters submitted in support of defendant and character testimony at sentencing).

We also reject Robbins's claim that his sentence was substantively unreasonable.  The District Court sentenced Robbins within the applicable guidelines range, which we may presume is reasonable.  *Id.*  And given the seriousness of the offense, a reasonable sentencing court could surely have imposed the same sentence on him, based on the same reasoning given by the District Court.  *Id.*

## III.    CONCLUSION

For the foregoing reasons, we will affirm.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We review the reasonableness of a sentence for abuse of discretion.  *United States v. Pawlowski*, 27 F.4th 897, 911 (3d Cir. 2022).

4